**Second Amended Complaint**

Plaintiff's Name: Francis A Humes
Prisoner No.: BR3697
Institutional Address: P.O Box 689
Soledad CA 93960

FILED
JAN 11 2023
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Francis A Humes
(Enter your full name)

v.

Deputy Torres
Monterey County Sheriff Dept.

(Enter the full name(s) of all defendants in this action)

Case No. 21-CV-08490 EJD
(Provided by the clerk upon filing)

COMPLAINT BY A PRISONER
UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983

## I. Exhaustion of Administrative Remedies.

You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

A. Place of present confinement: CTF Soledad

B. Is there a grievance procedure in this institution?   ☐ YES   ☐ NO

C. If so, did you present the facts in your complaint for review through the grievance procedure?
   ☐ YES   ☐ NO

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

   1. Informal appeal: _____

   2. First formal level: _____

3. Second formal level: _____

4. Third formal level: _____

E. Is the last level to which you appealed the highest level of appeal available to you?
☐ YES    ☐ NO

F. If you did not present your claim for review through the grievance procedure, explain why.
_____

## II. Parties.

A. If there are additional plaintiffs besides you, write their name(s) and present address(es).
_____

B. For each defendant, provide full name, official position and place of employment.
Deputy Torres   Sheriff dep Monterey County (Individual)
Monterey County Sheriff dept Jail

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

See Attached

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

a declaration that the acts and ommissions described violated plaintiffs Rights
Compensory damages
Punitive damages
A trial on all issues triable by Jury
Plaintiffs costs in this suit
Any additional relief this court deems just proper and equiptable

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 1-9-23
  Date                                    Signature of Plaintiff

## Statement of Claims

This concerns the 14th Amendment rights of a pretrial detainee who was confined to a wheelchair when he suffered life long injuries. The injuries are a direct result of Defendant Torres's deliberate indifference to plaintiffs safety. Plaintiff also alleges an A.D.A. Claim for failure of Monterey County Sheriff dept. to provide appropriate Court transportation. Petitioner also asks the Court to take pendent party jurisdiction over the State-law claims of negligence.

On 08-02-2019 Monterey County Sheriff dept. violated the provisions of the A.D.A. and Rehabilitation act by failure to provide appropriate transportation, vehicle, equiptment and operator.

Plaintiff a pretrial detainee requiring the use of a wheelchair due to mobility issues, was a late add on for a Court appearance. He was pushed to Celly port and secured in restraints, Leg irons belly chain shackles. (6) other passengers were already loaded and forced to wait an additional 20 Minutes as (3) deputies, none being properly trained or familiar with the equiptment or vans simplest operational requirements. The extemporaneous transportation of A.D.A. Mobility impaired detainees in specialized vehicles by deputies without the specialized training required to competently operate the van and equiptment necessary to load, secure and transport mobility impaired A.D.A. cannot be considered "Appropriate" by any standard. The reckless decision to provide a van to the transportation fleet before properly training deputies is calous disregard to health and safety. The A.D.A. passenger is extremely vulnerable because of there dependency on deputies.

2/

ON 08-02-2019 Defendant torres acted with diliberate Indifference to plaintiffs 14th Amendment Rights as a pretrial detainee to health and Safety.

Deputy torres Secured plaintiff with (2) other deputies help and departed Elmwood Jail. Construction required a U-turn after initially heading north, this was done at Alvin and Natividad. The U-turn was aprox ¼ mile in wrong direction. Because of my Confinement to wheel chair I was placed directly behind deputy torres, deputy torres had a unrestricted view because the partition was clear plexi glass. As we were finishing the U-turn My wheelchair was freed from the saftey restraints and began rolling freely. The moment this happend I told deputy torres of my serious and dangerous predicament and pleaded with with torres to stop and fix the straps. Torres acknowledged plaintiffs situation and requests but refused to stop. Any reasonably prudent person would immediately recognized the Substantial risk of serious injury and stopped at the earliest possible safe location to properly secure wheelchair and prevent potential injury. Torres instead acted with diliberate indifference to plaintiffs health and safety by disregarding the seriousness of the situation and pleads by the plaintiff and passengers to stop the van and fix the straps before plaintiff is insured or killed. Torres responded that "Cant Stop, nothing I can do, its gotta wait until we get to the Court house". This exchange took place just outside the Jails parking lot on the oppsite side of the road, approx 10 minutes from Court house. Torres continued on his reckless path passing several opportunities to stop and resecure plaintiffs wheel chair to

3

avoid the substantial risk of injury to plaintiff. This already serious and dangerous situation was exacerbated by the increase in speed to a pace that caused wheelchair to move erraticly. This in turn caused plaintiff and passengers to increase the pleads and urgency for torres to immediately stop and fix the security straps. As it was obvious to everybody on board that plaintiff was in a dire situation that required immediate assistance. After torres disregarded the seriousness of the situation he was made aware of for approx 2 minutes the plaintiff was flung from the wheelchair, tumbling backwards and sustained serious injuries. The physical spinal injuries and mental trauma still affect plaintiffs daily life. As he suffers from herniated/bulging discs C5-C6 with focal central annular tear and nerve root abutment. Disc bulging from L2-L5, Nerve damage and Mental/psychotical psychological ailments.

Torres acted with calous diliberate indifference to the rights of plaintiff by willfully disregarding the plaintiffs need of immediate emergency medical and failed to protect plaintiff from additional exposure to the high probability and substanial injury being inflicted after initially sustained trauma because of the restricted ability to use arms and legs, the haphazard entanglement of security restraints and the wheelchair while suffering a seizure/convultions for what is believed

to be 5 to 10 minutes before torres finally decided to act in a reasonable way and stopped to place cell phone call to what is believed to be his supervisor. Finally the long over due responsibility of requesting emergency assistance for trauma victim was facilitated, this delayed response to the obvious and continued trauma induced by plaintiff is the direct consequence of the actions or inaction of duties required of torres to respond in a reasonable way to detainees serious injuries and obvious emergency medical need which subjected plaintiff to additional pain and injury.

After arrival of ambulance plaintiff was placed unconscious and secured to gurney to prevent further injury. Plaintiff suffered extreme humiliation as a result of the inhumane treatment percipitating the arrival of emergency services. Plaintiff was 1 of 7 detainees on board, 3 women and 3 men were witness to the demoralizing disregard of situations substantial risk of injury or death, that resulted in the obvious consequences of refusing to secure plaintiff, that lead to the onset of a seizure lasting between 5 & 7 minutes. Plaintiff lost his bladder and dignity as he flopped around the floor of a moving van that refused to respond in any reasonably competent manner expected of veteran deputy tasked with transporting ADA detainees safely and securely back and forth to court

**Negligence**
2. Torres disregarded a policy and S.O.P in place as a protection, prevention and assistance to unexpected situations. The purpose of the second deputy is peace, order and security of persons he encounters and situations ~~encountered~~ transpiring during the transportation of inmates to prevent the distraction of driver.
- On 08-02-2019 Torres departed the Celly Port with 7 inmates and no 2nd officer.

**14th Amend**
Torres was made aware of the unexpected situation leaving plaintiff unsecured and out of control. ~~erratic~~ Torres being aware and obligated to assist the prevention of serious injury and the required professional duties of officers hired and obligated to protect and respect the civil Rights of persons he encounters in the course of his duties acted without reason or effectiveness.

1) Should of Radioed the ~~possi~~ emergency situation being confronted ~~encountered~~ as required by protocol.
2) After being made aware of the obvious and substantial risk of serious injury to a wheelchair bound inmate not secured correctly and rolling freely in the rear of a moving van any reasonable officer would of reacted immediately, stopping and assessing options to prevent subjecting plaintiff to the substantial risk of serious injury.
3) The consequence of Torres's disregarding the duty and opportunity to prevent the obvious and ~~preventable~~ substantial risk to plaintiff of serious injury or death.


resulted in plaintiff suffering serious injury that could and should of been avoided. Plaintiff has several bulging disks, nerve damage, mental trauma and suffers the occassional seizure. This accident changed the course of everything and is the sole reason Im unable to resume my career and owner responsibilities as sole proprietor of Peninsula Asphalt and Concrete. The Domino effect that fallowed the life changing trauma sustained by plaintiff took away his physical capabilities and replaced it with P.T.S.D that makes the cognative skills necassarry to arrange the logistics unrealistic.

4) Torres failed to respond in a reasonable way to the known dangers of delaying medical attention to the victim of serious trauma and head injuries that provoked the onset of seizure that went unattended to for close to (10) minutes before finally stopping to request medical emergency assistance. The seriousness of plaintiffs situation was known and disregarded as were cries and screams of witnesses from the initial injury happening nearly 10 minutes prior to requesting emergency assistance.

7

State tort Claim

Deputy torres acted with gross negligence on 08-02-2019 when he willfully and recklessly disregarded a policy in place requiring transportation units be occupied by (2) officers while during transportation of detainees. It prevented the protections the policy was designed to gaurntee. Torres broke policy and attempted to transport 7 inmates without mandated assistance

Verification     Case 21-cv-08490 EJD

I have read the foregoing Complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct.

Executed at Soledad CA on 1-7-2023

Francis A Humes

8