UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCIS A. HUMES,

           Plaintiff,

    v.

STEVE BERNAL, et al.,

           Defendants.

Case No. 21-cv-08490 EJD (PR)

**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 based on an incident that occurred while he was housed at the Monterey County Jail as an pretrial detainee. Dkt. No. 1. The Court dismissed the amended complaint with leave to amend to correct various deficiencies. Dkt. No. 11. Plaintiff filed a second amended complaint ("SAC"). Dkt. No. 19.

## DISCUSSION

**A.**   **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any

1  cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

2  upon which relief may be granted or seek monetary relief from a defendant who is immune

3  from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally

4  construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

5      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

6  elements: (1) that a right secured by the Constitution or laws of the United States was

7  violated, and (2) that the alleged violation was committed by a person acting under the

8  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

9  **B.    Plaintiff's Claims**

10     Plaintiff names the following as Defendants: Sheriff Deputy Torres and Monterey

11 County Sheriff's Department Jail ("Jail").  Dkt. No. 19 at 2.

12     Plaintiff claims that this action concerns the Fourteenth Amendment rights of a

13 pretrial detainee who suffered life-long injuries due to the deliberate indifference of

14 Defendant Deputy Torres.  Id. at 4.  Plaintiff alleges that on August 2, 2019, he was

15 transported in his wheelchair from the Monterey County Jail and suffered injuries because

16 Deputy Torres failed to properly secure his wheelchair to the moving vehicle.  Id. at 5.

17 Plaintiff claims for the first time in this action that Defendant Torres acted with deliberate

18 indifference by refusing to stop and properly secure Plaintiff's wheelchair even when it

19 was obvious to everyone on board that Plaintiff was at risk of injury.[1]  Id. at 6.  Plaintiff

20 claims Defendant Torres "disregarded a policy and S.O.P. in place as a protection,

21 prevention and assistance to unexpected situations."  Id. at 8.  Plaintiff claims Defendant

22 Torres' actions resulted in serious injuries.  Id. at 9.  Plaintiff also asserts a state tort claim

23 for gross negligence against Defendant Torres.  Id. at 10.  Plaintiff's allegations are

24 sufficient to state a Fourteenth Amendment claim against Defendant Torres.  See Castro v.

25 Cnty. of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc).  The Court will

26 also exercise supplemental jurisdiction over the state claim for gross negligence against

27

28 [1] Plaintiff's amended complaint alleged that Defendant Torres' actions were merely negligent, which was not sufficient to state a § 1983 claim.  Dkt. No. 11 at 6.

United States District Court
Northern District of California

---

United States District Court
Northern District of California

1    Plaintiff asserts that the deputies who were involved in his transportation were not

2 properly trained in the equipment of the van to properly secure his wheelchair.  Local

3 governments are "persons" subject to liability under 42 U.S.C. § 1983 where official

4 policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S.

5 658, 690 (1978).  To impose municipal liability under § 1983 for a violation of

6 constitutional rights resulting from governmental inaction or omission, a plaintiff must

7 show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that

8 the municipality had a policy; (3) that this policy amounts to deliberate indifference to the

9 plaintiff's constitutional rights; and (4) that the policy is the moving force behind the

10 constitutional violation." Oviatt By and Through Waugh v. Pearce, 954 F.2d 1470, 1474

11 (9th Cir. 1992) (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989) (internal

12 quotation marks omitted); see Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d

13 432, 438 (9th Cir. 1997).  In "limited circumstances," a municipal policy may be based

14 upon the local government's decision not to train certain employees about their legal duty

15 to avoid violating citizens' rights. Connick v. Thompson, 563 U.S. 51 at 61 (2011).  The

16 local government's liability under § 1983 is at "its most tenuous," however, when the

17 claim is based on a failure to train. Id.  Plaintiff was already advised of the standard to

18 state a Monell claim. Dkt. No. 11 at 3-4.  Here, Plaintiff's allegations are again

19 insufficient to state a Monell claim against the Jail because he fails to show all the factors

20 under Pearce.  As with the amended complaint, there is no allegation in the SAC that the

21 failure to train was based on a policy which was the moving force behind the constitutional

22 violation.  Furthermore, Plaintiff claims that Defendant Torres "disregarded a policy and

23 S.O.P. in place." Dkt. No. 8.  This indicates that the Jail did in fact have a policy in place

24 which Defendant Torres failed to follow.  As such, that allegation contradicts Plaintiff's

25 claim that the Jail did not properly train its deputies or had a policy which was the moving

26 force behind the violation.  Plaintiff was already granted two opportunities to amend to

27 correct the various deficiencies in the pleadings.  Accordingly, he shall not be afforded

28 another opportunity. See Wagh, 363 F.3d at 830; Ferdik, 963 F.2d at 1261.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      The following claims against the Monterey County Sheriff Department Jail are **DISMISSED with prejudice** for failure to state a claim: (1) an ADA claim; and (2) a Monell claim.

2.      The following claims against **Defendant Deputy Torres** are cognizable: (1) deliberate indifference under the Fourteenth Amendment; and (2) state claim for gross negligence.  The Clerk shall terminate all other Defendants from this action.

3.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second amended complaint and all attachments thereto, Dkt. No. 19, and a copy of this order upon **Defendant Deputy Torres** at the Monterey County Jail (1410 Natividad Rd., Salinas, CA 93906).  The Clerk shall also mail a copy of this Order to Plaintiff.

4.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the second amended complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date

5

United States District Court
Northern District of California

the waiver form is filed, whichever is later.

5.      No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the second amended complaint found to be cognizable above.

    a.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b.      **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See</u> <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

6.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

7.      Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

8.      The motion shall be deemed submitted as of the date the reply brief is due.

No hearing will be held on the motion unless the Court so orders at a later date.

9.     All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

10.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

11.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:** _____April 27, 2023_____

_____
EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California